IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICK ANGELO FRIEND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO:_____ |
| ) | |
| STERLINGBACKCHECK f/k/a ) | |
| STERLING INFOSYSTEMS, INC. ) | |
| d/b/a AMERICAN BACKGROUND ) | |
| INFORMATION SYSTEMS, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

PLAINTIFF PATRICK ANGELO FRIEND files this Complaint and states as follows:

### INTRODUCTION

1. Mr. Friend brings this action against SterlingBackcheck, Inc. f/k/a Sterling Infosystems, Inc. d/b/a American Background Information Systems, Inc. ("Sterling") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. Congress passed the FCRA to protect consumers from the harm caused by inaccurate reporting. To this end, the FCRA requires that all consumer reporting agencies (CRAs) that report criminal background information to employers use "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

3. Defendant Sterling violated 15 U.S.C. § 1681e(b) by publishing grossly inaccurate criminal record information about Mr. Friend in a consumer report used for employment purposes.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant is incorporated in the state of Georgia and it regularly conducts business in this district and division.

6. Sterling has contracted to supply services or things in Georgia. It sells reports in Georgia and produces consumer reports on Georgia residents. Sterling also gathers and maintains substantial public records data from Georgia.

## PARTIES

7. Mr. Friend is a natural person and a "consumer" as protected and governed by the FCRA.

8. At all times relevant hereto, Sterling was a consumer reporting agency ("CRA") as defined by 15 § U.S.C. 1681a(f).

9. Upon information and belief, American Background Information Systems, Inc. merged with Sterling InfoSystems and, on or about May 1, 2014, Sterling InfoSystems changed its name to SterlingBackcheck. Additionally, American Background Information Systems, Inc.'s background reports identify American Background Information Systems, Inc. as "a Sterling Infosystems Company."

## FACTUAL ALLEGATIONS

10. In March 2013, Mr. Friend applied for employment with Lockheed Martin as a Material Handler.

11. On March 21, 2013, Lockheed Martin emailed Plaintiff, "Congratulations, you have been selected for the Material Handler position." That same day, Lockheed Martin obtained an authorization from Plaintiff to run a background report.

12. On or about March 26, 2014, Lockheed Martin ordered a background report on Plaintiff from Sterling.

13.   On or about April 4, 2014, Sterling completed its background report on Plaintiff and sent the completed report to Lockheed Martin. The report was a consumer report as defined by 15 § U.S.C. 1681a(d), and contained felony conviction information for another individual, a stranger. A copy of the background report is attached hereto as Exhibit A.

14.   On or about April 25, 2014, Lockheed Martin emailed Mr. Friend and told him that it "regretfully [has] to withdraw the offer of employment" and that it would "be sending [him] an official rescind letter within a few days." Lockheed Martin's rescission of the employment offer was based on incorrect information about Mr. Friend in Sterling's consumer report.

15.   Sterling's consumer report contained criminal history results purportedly concerning Mr. Friend.

16.   Specifically, Sterling's consumer report matched Mr. Friend to a criminal record from San Bernadino, California Superior Court. Sterling's consumer report listed the criminal record as Docket No. "FSB900624," the subject as "Patrick Angelo Friend," the classification as a "felony" for "obstruct/resist officer," the file date as "February 11, 2009," and the disposition date as March 25, 2009."

17. Sterling's consumer report further stated that the Mr. Friend's purported felony resulted in 180 days of jail, probation for 36 months and $220.00 in restitution.

18. Sterling's consumer report also stated that this information was verified by "Name" and "DOB."

19. Sterling's consumer report further stated that "the attached report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records."

20. Sterling's consumer report was not accurately copied from public records.

21. Docket No. FSB900624 does not and did not belong to Plaintiff. Docket No. FSB900624 is the criminal record of an individual named Ryan Anthony Smith.

22. Mr. Friend was not convicted of a felony on March 25, 2009, he was not sentenced to 190 days in jail or probation for 36 months, and he did not pay $220.00 in restitution. This conviction and sentence is associated with Mr. Smith, not Mr. Friend.

23. Sterling's consumer report on Mr. Friend could not have been verified by "Name" and "DOB."

24. Mr. Friend contacted Sterling to request that it correct his report and delete the incorrect information, but by then it was too late – the job at Lockheed Martin was no longer available.

## FIRST CLAIM FOR RELIEF

## (15 U.S.C. § 1681e(b))

25. Plaintiff realleges Paragraph Nos. 1-24 as if fully set forth herein.

26. Sterling violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

27. Sterling knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

28. Sterling obtained or had available substantial written materials that apprised it of its duties under the FCRA.

29. Despite knowing of these legal obligations, Sterling acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

30. Sterling's violation of 15 U.S.C. § 1681e(b) was willful, rendering Sterling liable pursuant to 15 U.S.C. § 1681n. In the alternative, Sterling was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

31. As a result of this conduct by Sterling, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. That judgment be entered for Plaintiff against Defendant for actual and/or statutory damages, punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

b. That the Court grant such other and further relief against Defendant as may be just and proper, including but not limited to any equitable relief that may be permitted.

### DEMAND FOR JURY TRIAL

**PLAINTIFF hereby demands a jury trial on all claims for which he has a right to a jury.**

DATED: June 12, 2014

                              By: /s/ Andrew L. Weiner
                                   Andrew L. Weiner
                                   Georgia Bar No. 808278
                                   Jeffrey B. Sand
                                   Georgia Bar No. 181568
                                   THE WEINER LAW FIRM LLC
                                   3525 Piedmont Road
                                   7 Piedmont Center, 3rd Floor
                                   Atlanta, Georgia 30305
                                   (404) 205-5029 (Tel.)
                                   (404) 254-0842 (Tel.)
                                   (866) 800-1482 (Fax)
                                   aw@atlantaemployeelawyer.com
                                   js@atlantaemployeelawyer.com

                                   COUNSEL FOR PLAINTIFF